UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROSS HARRIS,

    Plaintiff,

v.

ARLENE BALLINGER, WELLS
FARGO BANK, N.A., UNITED STATES
DEPARTMENT OF HOUSING AND
URBAN DEVELOPMENT,

    Defendants.
_____/

Case Number 23-11984

Sean F. Cox
United States District Court Judge

**OPINION AND ORDER GRANTING DEFENDANTS' MOTION TO DISMISS**

    Plaintiff Ross Harris ("Plaintiff") alleges that Defendants Arlene Ballinger, Wells Fargo N.A., and the U.S. Department of Housing and Urban Development, ("HUD") (jointly, "Defendants") abandoned their property and that it is an eyesore that contributes to lower property values and an unsafe environment. (ECF No. 1-1, PageID.5). In his Complaint, Plaintiff seeks an order requiring Defendants to pay monetary damages for the amount he has spent to maintain the abandoned property and for Defendants to release all claims of ownership of the property. (ECF No. 1-1, PageID.6-8).

    The matter currently before the court is Defendant HUD's Motion to Dismiss. (ECF No. 2). The motion has been fully briefed. Pursuant to the Eastern District of Michigan Local Rule 7.1(f)(2), this motion will be decided on the briefs and without oral argument. For the reasons set forth below, the Court GRANTS Defendant HUD's motion to dismiss.

1

## BACKGROUND

Plaintiff and his mother live next door to an abandoned property in Detroit, which is owned by Defendant Arlene Ballinger. (Compl. ¶¶ 5-6, ECF No. 1-1, PageID.6). Defendant Wells Fargo is the mortgage servicing company of the reverse mortgage on the abandoned property, and Defendant HUD is the insurer of the reverse mortgage. (*Id.* ¶¶ 7–8).

Plaintiff claims the property is an eyesore that has diminished property values in the community and created an unsafe environment. (ECF No. 1-1, PageID.6). Plaintiff claims that his mother has "attempted multiple times to reach out to the owners" of the abandoned property "to abate the nuisance to no avail." (ECF No. 1-1, PageID.7). He also claims his mother made two complaints to HUD in January 2022 and February 2023 asking that it maintain and secure the property. (ECF No. 7, PageID.36). HUD replied that it had "no ownership, [and] therefore no obligation or right to maintain the property…there is nothing we can do with the property since we have no ownership interest in it." (ECF No. 7-3, PageID.51).

Plaintiff claims he has been paying out of his own pocket to secure and maintain the property, including lawn maintenance, repairing a water leak in the basement, and daily property monitoring. (ECF No. 7, PageID.37; ECF No. 7-4, PageID.54).

On July 12, 2023, Plaintiff filed this case in Wayne County Circuit Court. Plaintiff's one-count complaint includes a claim for "public nuisance" and requested relief of an order requiring Defendants "to pay all expenses that have been accrued by the Plaintiff to maintain [the] property," and an order for Defendants "to release all claims to ownership of the property." (ECF No.1-1, PageID.7–8).

On August 9, 2023, HUD filed a notice of removal of this case to the United States District Court for the Eastern District of Michigan. (ECF No. 1).

On August 11, 2023, HUD filed its Motion to Dismiss, which is pending before the Court. (ECF No. 2).

## STANDARD OF DECISION

The pending Motion to Dismiss is brought pursuant to Fed. R. Civ. P. 12(b)(1) and (6).

Dismissal is appropriate under Fed. R. Civ. P. 12(b)(1) where the Court lacks subject-matter jurisdiction over a Plaintiff's claim. "Article III standing is a question of subject matter jurisdiction properly decided under 12(b)(1)." *American BioCare, Inc. v. Howard & Howard Attorneys, Pllc*, 702 F. App'x 416, 419 (6th Cir. 2017).

"To survive a motion to dismiss" under Fed. R. Civ. P. 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). A claim is facially plausible when a plaintiff pleads factual content that permits a court to reasonably infer that the defendant is liable for the alleged misconduct. *Id.* When assessing the sufficiency of a plaintiff's claim, this Court must accept the complaint's factual allegations as true. *Ziegler v. IBP Hog Mkt., Inc.*, 249 F.3d 509, 512 (6th Cir. 2001). "Mere conclusions," however, "are not entitled to the assumption of truth. While legal conclusions can provide the complaint's framework, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 664, 129 S.Ct. 1937.

When a court is presented with a Rule 12(b)(6) motion, it may consider the Complaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the Complaint and are central to the claims contained therein. *See Amini v. Oberlin Coll.*, 259 F.3d 493, 502 (6th Cir.2001)." *Bassett v. National Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008).

## ANALYSIS

HUD provides two rationales for why Plaintiff's public nuisance claim against HUD should be dismissed.

### I.      Preemption - Supremacy Clause

HUD first argues Plaintiff's public nuisance claim against HUD should be dismissed pursuant to Rules 12(b)(1) and (6) because the claim is preempted pursuant to the Supremacy Clause of the U.S. Constitution. (ECF No. 2, PageID.18).

"The federal preemption doctrine has grown out the Supremacy Clause of the United States Constitution, which provides in part 'the Laws of the United States which shall be made in Pursuance' of the Constitution 'shall be the supreme Law of the Land.' U.S. Const., art. VI, cl. 2." *State Farm v. Reardon*, 539 F.3d 336, 341 (6th Cir. 2008). "According to the Supreme Court, '[t]he phrase 'Laws of the United States' encompasses both federal statutes themselves and federal regulations that are properly adopted in accordance with statutory authorization.'" *Id.* (quoting *City of New York, v. FCC*, 486 U.S. 57, 63, 108 S.Ct. 100 L.Ed.2d 664 (1982)).

In his Complaint, Plaintiff brings a claim for "public nuisance". (ECF No. 1-1, PageID.6). However, such state law claims are preempted under the Supremacy Clause. In support of its claim, HUD cites *United States v. City of St. Paul*, 258 F.3d 750 (8th Cir. 2001). There, the Eighth Circuit held that local nuisance laws are preempted pursuant to the Supremacy Clause of the U.S. Constitution and thus do not apply to HUD. *United States v. City of St. Paul*, 258 F.3d 750 (8th Cir. 2001). That case, like the case at bar, involved an abandoned home on which HUD insured the mortgage. 258 F.3d at 751.

Here, HUD claims that the present public nuisance claim is also preempted. Plaintiff's response, however, fails to address or make any mention of Defendant's preemption claim.

Instead, Plaintiff makes an irrelevant claim of standing, which HUD does not contest in the present motion to dismiss. (ECF No. 7, PageID.38). As such, Plaintiff has waived his opposition of his nuisance claim to HUD, which "amounts to a forfeiture of the…claim".

This Court therefore finds that Plaintiff's public nuisance claim is preempted under federal law and should be dismissed on that basis.

II.     **Sovereign Immunity**

Second, HUD argues Plaintiff's public nuisance claim against HUD should be dismissed pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction because Plaintiff cannot identify a waiver of sovereign immunity permitting the suit. (ECF No. 2, PageID.20).

Sovereign immunity shields the United States and its agencies from suit without its consent. *See United States v. Mitchell*, 463 U.S. 206, 212 (1983) ("It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction."). Any waiver must be "unequivocally expressed in [a] statutory text." *Lane v. Pena*, 518 U.S. 187, 192 (1996). It is Plaintiff's burden to establish an applicable waiver. *Reetz v. United States*, 224 F.3d 794, 795 (6th Cir. 2000). "Without a waiver of sovereign immunity, a court is without subject matter jurisdiction over claims against federal agencies or officials in their official capacities." *Muniz-Muniz v. U.S. Border Patrol*, 741 F.3d 668, 671 (6th Cir. 2013). If Plaintiff cannot identify a waiver, the claim must be dismissed. *See Reetz*, 224 F.3d at 795; *Jackson v. United States*, 751 F.3d 712, 716 (6th Cir. 2014).

Here, Plaintiff filed his Complaint with one count—public nuisance (ECF No. 101, PageID.7)—but claims in his response that he has successfully pleaded a claim under the Federal Tort Claim Act (FTCA) which provides a waiver of sovereign immunity. (ECF No. 7, PageID.39). Plaintiff makes no such FTCA claim in his complaint, and Plaintiff has not moved to amend his

5

complaint to include such a claim. "It is basic principle that the complaint may not be amended by the briefs in opposition to a motion to dismiss." *Thomason v. Nachtrieb*, 888 F.2d 1202, 1205 (7th Cir. 1989).

Even if Plaintiff had pled an FTCA claim in his complaint, Plaintiff has also failed to provide any evidence that he exhausted his administrative remedies as the FTCA requires. Specifically, "[t]he FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies." *McNeil v. United States*, 508 U.S. 106,111 (1993). No action can be taken against the United States unless the claimant has presented the claim to the appropriate Federal agency and his claim has been finally denied by that agency. *See* 28 U.S.C. § 2675(a). To present an administrative claim to an agency under § 2675(a), the claimant must "(1) give[] the agency written notice of his or her claim sufficient to enable to agency to investigate and (2) place[] a value on his or her claim." *Douglas v. United States*, 658 F.2d 445, 447 (6th Cir. 1981); see also 28 C.F.R. § 14.2(a). Plaintiff has provided no evidence that he has made any such claim to HUD.

The Court finds that Plaintiff's complaint does not identify an applicable waiver of sovereign immunity and should therefore be dismissed on that basis.

## CONCLUSION

For the reasons explained above the Court **GRANTS** Defendant HUD's motion to dismiss.

**IT IS SO ORDERED.**

s/Sean F. Cox<br>
Sean F. Cox<br>
United States District Judge

Dated: December 15, 2023