UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROSS HARRIS,

    Plaintiff,

Case Number 23-11984

v.

ARLENE BALLINGER, WELLS
FARGO BANK, N.A., UNITED STATES
DEPARTMENT OF HOUSING AND
URBAN DEVELOPMENT,

Sean F. Cox
United States District Court Judge

    Defendants.
_____/

**ORDER
DECLINING TO EXERCISE SUPPLEMENTAL JURISDICTION AND
REMANDING REMAINING CLAIMS TO STATE COURT**

    Plaintiff Ross Harris filed this case in Wayne County Circuit Court alleging one count for "public nuisance." (ECF No.1-1). Defendant U.S. Department of Housing and Urban Development (HUD) filed a notice of removal of this case to the U.S. District Court for the Eastern District of Michigan pursuant to 28 U.S.C. §§ 1442(a)(1) and 1446. (ECF No. 1).

    On August 11, 2023, HUD filed its Motion to Dismiss, (ECF No. 2) which this Court granted on December 15, 2023. (ECF No. 18).

    Following that Order, the Court finds it no longer has jurisdiction to this claim under 28 U.S.C. §§ 1442(a)(1) and 1446, which was the initial basis for removal to federal court. Further, this Court declines to exercise supplemental jurisdiction over the remaining state law claim.

    Pursuant to 28 U.S.C. § 1367(a), a district court may decline to exercise supplemental jurisdiction over state-law claims in various circumstances, including when the district court dismisses all claims over which it has original jurisdiction. Once a federal district court no longer has federal claims to resolve, it "should not ordinarily reach the plaintiff's state-law claims." *Moon*

*v. Harrison Piping Supply*, 465 F.3d 719, 728 (6th Cir. 2006). Because "[c]omity to state courts is considered a substantial interest," the Sixth Circuit "applies a strong presumption against the exercise of supplemental jurisdiction once federal claims have been dismissed – retaining jurisdiction 'only in cases where the interests of judicial economy and the avoidance of multiplicity of litigation outweigh our concern over needlessly deciding state law issues.'" *Packard v. Farmers Ins. Co. of Columbus, Inc.*, 423 F. App'x 580, 584 (6th Cir. 2011) (quoting *Moon*, supra); *see also Gamel v. City of Cincinnati*, 625 F.3d 949, 951 (6th Cir. 2010) ("When all federal claims are dismissed before trial, the balance of considerations usually will point to dismissing the state law claims, or remanding them to state court if the action was removed.").

Here, following the dismissal of HUD (ECF No. 18), no federal claims remain and no rulings as to the state-law claims have yet been made. This Court concludes that these circumstances favor remand back to the state court. The state court is best equipped to decide the remaining issues of state law.

Because this Court **DECLINES TO EXERCISE SUPPLEMENTAL JURISDICTION** over Plaintiff's state-law claims, the Court **ORDERS** that Plaintiff's remaining state-law claims are **REMANDED** to the Wayne County Circuit Court.

**IT IS SO ORDERED**.

Dated:  December 27, 2023                s/Sean F. Cox
                                         Sean F. Cox
                                         U. S. District Judge


I hereby certify that on December 27, 2023, the document above was served on counsel and/or the parties of record via electronic means and/or First Class Mail.

                                         s/Jennifer McCoy
                                         Case Manager